UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 06-43993 |
| TRANS-INDUSTRIES, INC., *et al.*, | Chapter 7 (Jointly Administered)[1] |
| Debtors. | Judge Thomas J. Tucker |
| _____/ | |
| DAVID W. ALLARD, TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 07-6790 |
| DALE S. COENEN, *et al.*, | |
| Defendants. | |
| _____/ | |

### OPINION AND ORDER GRANTING DEFENDANT KAI KOSANKE'S MOTION TO JOIN DEFENDANT COENEN'S MOTION FOR SUMMARY JUDGMENT, REGARDING STATUTE OF LIMITATIONS ISSUES

In this adversary proceeding, there are two summary judgment motions currently pending before the Court: (1) Plaintiff Trustee's motion for summary judgment against Defendants Dale S. Coenen and Kai R. Kosanke (Docket # 286), and (2) Defendant Dale S. Coenen's motion for summary judgment (Docket # 278). The Court is working on a written opinion regarding these motions.

Defendant Kai Kosanke has filed a "Motion to Join," in which he seeks to join the summary judgment motion filed by Defendant Coenen, with respect to Coenen's arguments

---

[1] This case (*In re Trans-Industries, Inc.*, Case No. 06-43993) is being jointly administered with the following cases: *In re Transign, Inc.*, Case No. 06-43995; *In re Transmatic, Inc.*, Case No. 06-43997, and *In re Vultron, Inc.*, Case No. 06-43998. ("Order Pursuant to Fed. R. Bankr, P. 1015 Directing Joint Administration of This Chapter 11 Case with Three Affiliated Cases" (Docket # 35)).

about the statute of limitations (Docket # 405, the "Joinder Motion").

Defendant Kosanke did not file and serve a 14-day notice of his Joinder Motion, as required by L.B.R. 9014-1. Despite this, the Court entered an order allowing Plaintiff-Trustee and Defendant Coenen each to file a written response, not to exceed 3 pages, stating whether they object to Defendant Kosanke's Joinder Motion, and if so, stating why they contend the Court should deny the Joinder Motion. (Docket # 410). The Plaintiff-Trustee timely filed a response objecting to the Joinder Motion (Docket # 413); while Defendant Coenen timely filed a response saying that he has no objection to the Joinder Motion, and urging the Court to grant the motion (Docket # 414).

The Court concludes that a hearing on the Joinder Motion is not necessary, and that the Joinder Motion should be granted, in the exercise of the Court's discretion, for the reasons stated below.

By way of some background, once again, the Court notes the following. The deadline for the parties to file potentially dispositive motions was August 27, 2010.[2] The Joinder Motion was filed long after that deadline passed. And before recently filing the Joinder Motion, Defendant Kosanke never filed his own summary judgment motion.[3] Kosanke did join in a response, filed jointly with Defendant Coenen, opposing Plaintiff Trustee's summary judgment motion, and in that response Coenen and Kosanke jointly argued that the Trustee's summary judgment motion should be denied because, among other reasons, the Trustee's claim is barred by ERISA's statute

---

[2] *See* Agreed Order Modifying Scheduling Order (Docket # 267) at 1. Counsel for Defendant Kosanke, Mr. Pritchard, stipulated to this order. (*See* Stipulation at Docket # 266).

[3] *See, e.g.*, Tr. of oral argument on summary judgment motions (Docket # 395) at 46-47.

2

of limitations.[4] And counsel for Defendant Kosanke (Mr. Pritchard) participated in the oral argument on the summary judgment motions, arguing against the Trustee's summary judgment motion. But he did not orally request summary judgment for Kosanke, and he did not orally make any argument about the statute of limitations.[5]

Under the circumstances, the Court concludes that it has discretion to grant the Joinder Motion, and that it should exercise that discretion by granting the motion. The Court is persuaded of this for the reasons argued in Defendant Coenen's response to the Joinder Motion. Of particular importance is the fact that the Plaintiff-Trustee will not be prejudiced in any way by the granting of the Joinder Motion. Even if the Court were to deny the Joinder Motion, so that Kosanke would be denied the opportunity to seek summary judgment based on Coenen's statute of limitations arguments, Kosanke would still be able to defend at trial, based on those same arguments. (Kosanke cannot be deemed to have waived any statute of limitations defense solely because he did not file a timely summary judgment motion based on such a defense.) So the Court ultimately will have to decide the merits of Coenen's statute of limitations arguments, as they apply to Kosanke, whether that be on a summary judgment motion or later, at the trial stage. The interests of judicial economy, and economy for the Plaintiff-Trustee and Defendant Kosanke, weigh in favor of allowing Kosanke to join Coenen's summary judgment motion, with respect to Coenen's statute of limitations arguments.

For these reasons,

IT IS ORDERED that:

---

[4] Docket # 306 at 1, 5-8, 23.

[5] *See* Tr. of oral argument (Docket # 395) at 46-52; 147-48.

1. Defendant Kosanke's Joinder Motion (Docket # 405) is granted, to the extent of the relief provided by this Order, below. If and to the extent the Joinder Motion seeks any other relief, it is denied.

2. The Court now deems Defendant Kosanke to have joined Defendant Coenen's summary judgment motion, with respect to (and only with respect to) Defendant Coenen's arguments about the statute of limitations.

3. The Court will decide Kosanke's summary judgment motion when it decides the other summary judgment motions, without any further hearing, and without any further briefing or filings by any of the parties.

**Signed on October 25, 2012**          /s/ Thomas J. Tucker
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**